Brett M. Schuman (SBN 189247)
bschuman@goodwinprocter.com
David L. Simson (SBN287900)
dsimson@goodwinprocter.com
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

Attorneys for Plaintiff TEESPRING, INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEESPRING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STONEMARK TECHNOLOGIES LLC, <br><br> Defendant. | Case No. 16-1116 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Teespring, Inc. ("Teespring") as and for its Complaint against defendant Stonemark Technologies LLC ("Stonemark"), alleges as follows:

**INTRODUCTION**

1. This is a suit for declaratory judgment action arising out of a patent dispute between Stonemark and Teespring. Stonemark has accused Teespring of infringing U.S. Patent Nos. 7,050,654 ("the '654 patent"); 7,236,647 ("the '647 patent"); 7,302,114 ("the '114 patent"); 7,315,659 ("the '659 patent) and 7,835,591 ("the '591 patent," collectively the "patents-in-suit"). Teespring denies liability with respect to each of the patents-in-suit. In short, there is a current, actual controversy between the parties that requires this Court's intervention.

**THE PARTIES**

2. Plaintiff Teespring is a Delaware corporation with its principal place of business at 460 Bryant Street, 2nd Floor, San Francisco, CA 94107

3. On information and belief, defendant Stonemark is a Texas limited liability company with a place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

**BACKGROUND OF THE CONTROVERSY**

4. On information and belief, Stonemark was established as a Texas limited liability company on November 17, 2015.

5. On information and belief, Stonemark acquired title to and ownership of the patents-in-suit on November 25, 2015.

6. On information and belief, Stonemark's sole business is acquiring and asserting patents, and generates any revenue solely through licensing those patents.

7. On information and belief, Stonemark has not in the past made, sold or offered for sale any products or services covered by the patents-in-suit, and has no plans to do in the future.

8. On January 9, 2016, Stonemark's "exclusive licensing agent" sent a letter to Teespring stating that Stonemark believed Teespring needed a license to the patents-in-suit.

9. On February 12, 2016, Stonemark's agent sent another letter to Teespring reiterating Stonemark's claim that Teespring supposedly needs a license to the patents-in-suit and stating that

1  "your lack of response to our previous letter raises concerns that you do not respect the intellectual
2  property rights of others."  The February 12 letter threatened an "erupt[ion]" of litigation if
3  Teespring did not license the patents-in-suit.

4      10.    On March 4, 2016, Stonemark filed a lawsuit in the Eastern District of Texas,
5  captioned *Stonemark Technologies LLC v. Office Depot, Inc.*, Case No. 2:16-cv-00191, in which
6  Stonemark asserted infringement of the '654, '647, '659, and '591 patents (four of the five patents-
7  in-suit) against Office Depot, Inc.

## JURISDICTION AND VENUE

9      11.    This is an action pursuant to 28 U.S.C. § 2201 and § 2202 for a declaration of the
10  rights of the parties with respect to an actual controversy concerning the patents-in-suit.  The
11  patents-in-suit are presently assigned to and owned by Stonemark.  An actual controversy exists
12  between Teespring and Stonemark regarding the infringement of the patents-in-suit.  Further, as set
13  forth above, Stonemark has taken actions – such as threatening litigation against Teespring and
14  initiating litigation against another company for alleged infringement of the same patents – that
15  demonstrate the existence of a substantial controversy between parties having adverse legal interests
16  of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17      12.    This Court has original jurisdiction over the subject matter of this action pursuant to
18  28 U.S.C. §§ 1331 and 1338(a) for the claims herein arising under the United States Patent Act, 35
19  U.S.C. § 1 *et seq*. The existence of this controversy is demonstrated by, for example, the letter sent
20  on behalf of Stonemark too Teespring on February 12, 2016.

21      13.    This Court has personal jurisdiction over Defendant pursuant to the laws of the State
22  of California, including California's long-arm statute (California Code of Civil Procedure § 410.10).

23      14.    Plaintiff is informed and believes that the original assignee and owner of the patents
24  in suit, Branders, Inc., was based within this district in San Mateo, California when the applications
25  for the patents-in-suit were made, and still maintains an office in this District.

26      15.    Plaintiff is informed and believes that the named inventors of the patents-in-suit
27  including Larry Lunetta, Elliot Jones, Chris Harms, Gerald McGlaughlin and David Sipes, have at
28  all times relevant herein resided within this District.

16. Personal jurisdiction also exists over Defendant because it has availed itself of the Northern District of California by, among other things, conducting its patent enforcement activities in this District and towards residents of this District. Specifically, but without limitation, Stonemark has sent correspondence concerning the patents-in-suit to companies in this District including at least Teespring which is based in San Francisco, California.

17. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391and 1400 because Defendant is subject to personal jurisdiction in this district. Plaintiff Teespring and a substantial portion of its employees currently reside in this District. A substantial portion of the events giving rise to this action, including on information and belief the development of the patented inventions, and the development of the accused Teespring products and services, took place in this District.

**COUNT 1: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 7,050,654**

18. Teespring repeats and realleges the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19. On information and belief, Stonemark is the owner of the '654 patent, issued on May 23, 2006 to Larry Lunetta et al., and which is entitled "Methods for Generating Composite Images Including Positioning Grid." A true and accurate copy of the '654 patent is attached as Exhibit A.

20. Teespring does not infringe any of the claims of the '654 patent.

21. A judicial declaration that the claims of the '654 patent are not infringed is appropriate and necessary.

**COUNT 2: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 7,236,647**

22. Teespring repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. On information and belief, Stonemark is the owner of the '647 patent, issued on June 26, 2007, to Larry Lunetta et al., and which is entitled "Methods and Apparatuses for Generating Composite Images Including Warping." A true and accurate copy of the '647 patent is attached as Exhibit B.

1  24. Teespring does not infringe any of the claims of the '647 patent.

2  25. A judicial declaration that the claims of the '647 patent are not infringed is
3  appropriate and necessary.

**COUNT 3: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 7,302,114**

26. Teespring repeats and realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. On information and belief, Stonemark is the owner of the '114 patent, issued on November 27, 2007, to Larry Lunetta et al., and which is entitled "Methods and Apparatuses for Generating Composite Images." A true and accurate copy of the '114 patent is attached as Exhibit C.

28. Teespring does not infringe any of the claims of the '114 patent.

29. A judicial declaration that the claims of the '114 patent are not infringed is appropriate and necessary.

**COUNT 4: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 7,315,659**

30. Teespring repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31. On information and belief, Stonemark is the owner of the '659 patent, issued on January 1, 2008, to Larry Lunetta et al., and which is entitled "Methods for Generating Composite Images Including Filtering and Embroidery Price Calculation." A true and accurate copy of the '659 patent is attached as Exhibit D.

32. Teespring does not infringe any of the claims of the '659 patent.

33. A judicial declaration that the claims of the '659 patent are not infringed is appropriate and necessary.

**COUNT 5: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 7,835,591**

34. Teespring repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. On information and belief, Stonemark is the owner of the '591 patent, issued on

November 16, 2010, to Larry Lunetta et al., and which is entitled "Methods and Apparatuses for Generating Composite Images." A true and accurate copy of the '591 patent is attached as Exhibit E.

36. Teespring does not infringe any of the claims of the '591 patent.

37. A judicial declaration that the claims of the '591 patent are not infringed is appropriate and necessary.

## REQUEST FOR RELIEF

WHEREFORE, Teespring demands judgment against Defendants:

(a) Adjudging and declaring that Teespring does not infringe any of the '654 patent;

(b) Adjudging and declaring that Teespring does not infringe any of the '647 patent;

(c) Adjudging and declaring that Teespring does not infringe any of the '114 patent;

(d) Adjudging and declaring that Teespring does not infringe any of the '659 patent;

(e) Adjudging and declaring that Teespring does not infringe any of the '591 patent;

(f) Awarding Teespring its attorneys' fees and costs pursuant to 35 U.S.C. § 285, and/or other applicable laws, and

(g) Awarding Teespring such other and further relief, in law and equity, as this Court deems just and proper.

| | |
|---|---|
| 1 | |
| 2 | Dated: March 4, 2016                    Respectfully submitted, |

By: /s/ Brett M. Schuman
Brett M. Schuman (SBN 189247)
David L. Simson (SBN 287900)
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 9411
Tel.: 415.733.6000
Fax.: 415.677.9041
Email: bschuman@goodwinprocter.com
           dsimson@goodwinprocter.com

*Attorneys for Plaintiff*
Teespring, Inc.

COMPLAINT FOR DECLARATORY AND OTHER RELIEF